**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EVANGELISTA MOSQUETE-PEREZ,<br><br>            *Petitioner*,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            *Respondent*. | Civil Action No.<br>25-793 (MEF)<br><br>**ORDER** |

The Petitioner has applied to initiate this civil action in forma pauperis. See Application at 1-3 (Docket Entry 1-3). A petitioner who proceeds in forma pauperis is permitted to bring a lawsuit without paying certain court fees that would otherwise be required. See generally 28 U.S.C. § 1915(a); Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995). As set forth below, the Petitioner has not submitted an appropriate application. Accordingly, his application is denied.

To proceed in forma pauperis, a petitioner must show "inability to pay court costs and also provide himself with life's necessities[.]" Jones v. Delaware State Police, 699 F. App'x 107, 107 (3d Cir. 2017) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)); see also, e.g., Walker v. People Express Airlines, Inc., 886 F.2d 598 (3d Cir. 1989)). In habeas cases, if the amount presently in the petitioner's account "exceeds $200," he is "not . . . eligible to proceed in forma pauperis." L. Civ. R. 81.2(c).

To facilitate this assessment, a person who is incarcerated, as the Petitioner is here, may seek to initiate a civil action in forma pauperis only after submitting two sets of documents to the Court. First, a petitioner must submit an "affidavit . . . [showing] that the prisoner is unable to pay the fees and costs of the proceedings." L. Civ. R. 81.2(b). Second, a petitioner must submit a certified copy of his inmate trust fund account statement that shows "(1) the amount presently . . . in the . . . account and, (2) the greatest amount on deposit in the . . . account during the six-month period prior to the date of the certification." Id.

The certification must be "signed by an authorized officer of the institution". Id.

Here, the Petitioner did not submit a complete application as he failed to attach a certified copy of his inmate trust fund account statement. See Application at 1-3; Account Statement at 1-3 (Docket Entry 1-3). Rather, the Petitioner submitted his account statement but did not provide a certification from an appropriate prison official. See Application at 3. Accordingly, the Court must deny the Petitioner's application to proceed in forma pauperis. This case will now be administratively terminated. Should the Petitioner wish to re-initiate this case, he may do so by (1) submitting a complete application to proceed in forma pauperis or (2) paying the various court fees required of civil litigants who are not proceeding in forma pauperis.

IT IS, on this 6th day of March 2025:

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the Petition or assessing a filing fee; and it is further

**ORDERED** that the Clerk of the Court shall provide the Petitioner with a blank application to proceed in forma pauperis, DNJ-Pro Se-007-B-(Rev. 09/09); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Petitioner by regular United States mail.

_____
Michael E. Farbiarz, U.S.D.J.